## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| SALVATORE M. BOMBARDIERE, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:11-cv-00050-JPB |
| v. ) | (BAILEY) |
| ) | |
| SCHLUMBERGER TECHNOLOGY ) | |
| CORPORATION, CONSOL ENERGY, INC., ) | |
| CNX GAS COMPANY, LLC, CNX GAS ) | |
| CORPORATION, and SOS STAFFING ) | |
| SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S MOTION IN LIMINE
### TO EXCLUDE EXPERT TESTIMONY

NOW COMES Plaintiff Salvatore M. Bombardiere, Sr., by and through his undersigned counsel, and hereby respectfully moves the Court to exclude testimony of Defendants' proposed expert Edward A. Peck, III, Ph.D., and in support thereof, avers as follows:

1. Dr. Peck was retained by defendants to offer opinions at trial regarding plaintiff's neuropsychological capabilities. In forming these opinions, he administered a battery of tests to plaintiff.

2. Dr. Peck has testified that he is not a toxicologist, pharmacologist, medical doctor, physiologist, or psychiatrist. Deposition of Edward A. Peck, III, Ph.D. ("Peck Dep."), at 14:19-15:14, 32:25-33:1; 38:3-4.

3. Accordingly, Dr. Peck should not be permitted to testify about matters related to toxicology, pharmacology, medicine, physiology, or psychiatry.

4. Dr. Peck has testified that he "does not hold [himself] out as a vocational expert." Peck Dep. at 16:6-7. He has further testified that he was not asked by defendants to offer an

opinion regarding plaintiff's vocational abilities. Peck Dep. at 39:4-8. When asked if he has been permitted by the courts to testify as a vocational expert, he indicated that his testimony has been precluded in the past. Peck Dep. at 16:18-25.

5. Accordingly, Dr. Peck should not be permitted to testify about matters related to plaintiff's vocational aptitude. Dr. Peck's statement that "[e]ducationally and vocationally, in my opinion, the examinee is capable of continuing to work and of maintaining competitive employment at a level commensurate with longstanding work history" should therefore be precluded. Rule 26 & 35 Independent Neuropsychological Evaluation ("Peck Report"), at 12.

6. Plaintiff requests that Dr. Peck shall not be permitted to testify regarding the cause of any test results, the consistency of the test results with known or unknown medical or psychiatric conditions, or any other conclusions drawn from the data, as these items are beyond the realm of Dr. Peck's expertise. *See, e.g.,* FED. R. EVID. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter"); *John v. Im*, 263 Va. 315, 321 (2002) ("An opinion concerning the causation of a particular physical human injury is a component of a diagnosis, which is part of the practice of medicine.").

7. Plaintiff requests that Dr. Peck shall not be permitted to testify regarding plaintiff's credibility or veracity, plaintiff's behavior during the course of his neuropsychological evaluation, or any other inferences formed by Dr. Peck about plaintiff, as these items are beyond the realm of Dr. Peck's expertise. *See, e.g.,* FED. R. EVID. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter"); *United States v. Piccinonna*, 729 F.

Supp. 1336, 1338 (S.D. Fla. 1990)("It is inconceivable that anyone, expert or not, could form a valid, reliable, and admissible opinion as to the 'character' of a witness based on nothing more than one single [testing session].").

8. Dr. Peck's repeated insinuation that plaintiff exhibited behavior that was "manipulat[ive]," Peck Report at 12, "self-serving," *id.*, "defensive," *id.* at 7, and chose not to cooperate, *id.* at 5-6, 8, should therefore be precluded.

9. Plaintiff respectfully submits to the Court that Dr. Peck's testimony be limited to the neuropsychological tests administered to plaintiff and the data obtained therefrom.

Date: December 14, 2012
New York, New York

    Respectfully submitted,

    *Attorneys for Plaintiff*

    _____
    Tate J. Kunkle, Esq.
    NAPOLI BERN RIPKA & ASSOCIATES, LLP
    350 Fifth Avenue, Suite 7413
    New York, New York 10118

    *-And-*

    Corey Zurbuch, Esq.
    FRASCONA, JOINER, GOODMAN & GREENSTEIN P.C.
    4750 Table Mesa Drive
    Boulder, CO 80305

    *-And-*

    Lisa Furbee Ford, Esq.
    FORD LAW OFFICE
    321 West Main Street, Suite 600
    Clarksburg, West Virginia 26301

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION**

| | |
|---|---|
| SALVATORE M. BOMBARDIERE, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.    ) | Civil Action No. 1:11-cv-00050 |
| ) | (BAILEY) |
| SCHLUMBERGER TECHNOLOGY ) | |
| CORPORATION, CONSOL ENERGY, ) | |
| INC., CNX GAS COMPANY, LLC, CNX ) | |
| GAS CORPORATION and SOS ) | |
| STAFFING SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that December 14, 2012, I electronically filed the foregoing PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY with the Clerk of Court using the CM/ECF system which will send notification of such filing to all registered users and sent a copy of same to the following via email:

Ricklin Brown, Esq.
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV 25301
RBrown@baileyglasser.com

Raymond G. Mullady, Jr
BLANK ROME LLP
Watergate 600 New Hampshire Avenue, NW
Washington, DC 20037
Mullady@blankrome.com

Robert J. D'Anniballe, Jr.
PIETRAGALLO, BOSICK & GORDON
100 North Fourth Street
10th Floor, Sinclair Building
Steubenville, OH 43952
rjd@pietragallo.com

/s/ Corey T. Zurbuch
Corey T. Zurbuch, Esq.
FRASCONA JOINER GOODMAN &
GREENSTEIN PC
4750 Table Mesa Drive
Boulder, CO 80305
(303) 494-3000
corey@frascona.com