**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG**

**SALVATORE M. BOMBARDIERE, SR.,**

    Plaintiff,

v.                                                                **CIVIL ACTION NO. 1:11-CV-50
(BAILEY)**

**SCHLUMBERGER TECHNOLOGY CORPORATION,**
*a Texas Corporation*,
**CONSOL ENERGY, INC.,**
*a Delaware Corporation*,
**CNX GAS COMPANY, LLC,**
*a Virginia Corporation*, and
**SOS STAFFING SERVICES, INC.,**
*a Texas Corporation*,

    Defendants.

## ORDER GRANTING IN PART AND DENYING AS MOOT IN PART CNX GAS COMPANY, LLC'S, MOTION FOR SUMMARY JUDGMENT

Currently pending before this Court is Defendants Consol Energy, Inc., CNX Gas Company, LLC, and CNX Gas Corporation's[1] Motion for Summary Judgment [Doc. 172], filed November 26, 2012. Plaintiff filed a response in opposition to the motion [Doc. 199] on December 11, 2012. CNX Gas Company, LLC, filed its reply thereto [Doc. 230] on December 18, 2012.

For the reasons that follow, this Court will **GRANT** CNX Gas Company, LLC's,

---

[1]On January 16, 2013, this Court entered a Stipulation and Order of Dismissal [Doc. 261] dismissing the claims against Consol Energy, Inc., and CNX Gas Corporation upon the agreement of the parties. As such, this Court will refer to the Motion for Summary Judgment filed by defendants Consol Energy, Inc., CNX Gas Company, LLC, and CNX Gas Corporation as CNX Gas Company, LLC's, Motion for Summary Judgment.

1

Motion for Summary Judgment [Doc. 172] as to **Count One**, **Count Four** and **Count Eight**; and **DENY as moot** CNX Gas Company, LLC's, Motion for Summary Judgment [Doc. 172] as to **Count Three, Count Five, Count Six,** and **Count Seven**.

### I. Procedural History

On February 11, 2011, the plaintiff filed suit in the Circuit Court of Harrison County, West Virginia, against Schlumberger Technology Corporation ("STC"), Consol Energy, Inc., ("Consol"), CNX Gas Company, LLC, ("CNX Gas Co."), CNX Gas Corporation ("CNX Gas Corp."), and SOS Staffing Services, Inc., ("SOS") [Doc. 3-1]. The Complaint contains the following eight counts: (1) negligence/willful, wanton and reckless misconduct; (2) deliberate intent pursuant to West Virginia Code § 23-4-2(c); (3) alter ego; (4) agency; (5) strict liability/ultrahazardous activity; (6) preparation and use of proprietary chemical fracking fluids; (7) wrongful interference with employment/wrongful interference with protected property interests; and (8) punitive damages. On April 14, 2011, the defendants removed the above-styled action to the United States District Court for the Northern District of West Virginia based upon diversity jurisdiction [Doc. 3]. On April 20, 2011, the Honorable Irene M. Keeley transferred the above-styled action to the docket of the undersigned, located in Wheeling, West Virginia [Doc. 7].

On December 11, 2012, the plaintiff stated that he withdrew his wrongful interference with employment claim as it pertained to STC [Doc. 200 at 31].[2] In addition, the plaintiff stated that he does not assert a wrongful interference with employment claim

---

[2]The plaintiff also stated that he was presenting an alternative argument that STC constructively discharged him in the event that the Court found STC to be a "special employer" of the plaintiff [Doc. 200 at 31]. However, this Court granted a motion *in limine* to exclude evidence of this alternative argument on January 14, 2013 [Doc. 257].

2

against CNX Gas Co. [Doc. 199 at 21].³ Also on December 11, 2012, the plaintiff withdrew his strict liability/ultrahazardous activity (Count Five) and preparation and use of proprietary chemical fracking fluids (Count Six) claims [Doc. 200 at 30; Doc. 260 at 2]. On January 16, 2013, the plaintiff withdrew his Alter Ego of CNX [Gas Co.] claim (Count Three) [Doc. 260 at 2].

## II. Undisputed Facts

Consol/CNX Gas Co. and STC entered into a Master Service Agreement pursuant to which CNX Gas Co. hired STC to provide, among other things, certain oilfield services [Doc. 174 at 4; Doc. 202 at 2]. STC and SOS entered into a Master Agreement for Staffing Services pursuant to which SOS provides temporary employees to STC [Doc. 174 at 6; Doc. 202 at 3]. SOS conducted interviews with candidates for assignment with STC [Doc. 174 at 6; Doc. 202 at 3]. If STC approved a candidate, SOS hired the individual and assigned him or her to work at STC [*Id.*]. The plaintiff, Salvatore M. Bombardiere, Sr., contacted STC regarding a possible position; STC directed the plaintiff to SOS [Doc. 174 at 8; Doc. 202 at 4]. After completing the interview process with SOS, the plaintiff was hired by SOS and assigned to work at STC [*Id.*].

The plaintiff first reported to work at STC at its Weston, West Virginia, location [Doc. 174 at 8; Doc. 202 at 4]. On February 1, 2010, the plaintiff began work with STC at a well site owned by CNX Gas Co. and operated by STC [Doc. 174 at 8, 14; Doc. 202 at 4, 10]. While working at the Waynesburg location in early February 2010, the plaintiff was

---

³The plaintiff also stated that he is not asserting a wrongful interference with employment claim against Consol and CNX Gas Corp.; however, as previously noted, these defendants have already been dismissed from this proceeding [*See* Doc. 261].

3

assigned to manually transport chemicals when the pumps froze [Doc. 174 at 15; Doc. 202 at 10]. The plaintiff alleges that he was injured when the chemicals spilled on him while he was handing these chemicals to someone on a ladder [Doc. 174 at 15-16; Doc. 202 at 10]. The plaintiff alleges that he started to develop various symptoms following this incident and visited various doctors as these symptoms developed or worsened [Doc. 174 at 17-19; Doc. 202 at 11-12]. The plaintiff was placed on various work restrictions, including a limit on the amount of weight that he was permitted to lift and a prohibition from work around chemicals [Doc. 174 at 27; Doc. 202 at 15-16]. After being placed on work restrictions, the plaintiff did not receive an alternative position with STC that would keep him away from chemicals or a new assignment with another company; SOS did not provide the plaintiff with another assignment [Doc. 174 at 27-28; Doc. 202 at 16].

### III. Relevant Legal Standard

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment. *See* FED. R. CIV. P. 56. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." **Celotex Corp. v. Catrett**, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial-whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably

4

be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 323-25; *Anderson*, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

## IV.  Discussion

CNX Gas Co. argues for summary judgment in its favor with regard to the following claims of the Complaint: (1) Count One - Negligence/Willful, Wanton and Reckless Misconduct; (2) Count Three - Alter Ego of CNX [Gas Co.]; (3) Count Four - Principal and Agent; (4) Count Five - Strict Liability/Ultrahazardous Activity; (5) Count Six - Preparation and Use of Proprietary Chemical Fracking Fluids; (6) Count Seven - Wrongful Interference with Employment/Wrongful Interference with Protected Property Interest; and (7) Count Eight - Punitive Damages [Doc. 172; Doc. 173]. In addition, CNX Gas Co. argues that the plaintiff contractually waived any claims against it when the plaintiff signed a Release and Waiver of Liability [Doc. 173 at 13-14].

### A.  Count One - Negligence

In Count One of his complaint, the plaintiff alleges a negligence claim against CNX Gas. Co. based upon a theory of vicarious liability for the actions of STC that allegedly caused

5

the plaintiff's injuries.[4]

### 1. The Parties' Arguments

In its Motion for Summary Judgment, CNX Gas Co. argues for summary judgment in its favor with regard to the negligence claim that the plaintiff raises against it under Count One of the Complaint [Doc. 173 at 4]. In support of its Motion for Summary Judgment on this count, CNX Gas Co. argues that it did not have control over the alleged hazardous conditions [*Id.* at 4-7]. In response, the plaintiff argues that CNX Gas Co. is vicariously liable for the negligent acts of its independent contractor, STC, which was involved in "an inherently dangerous activity or one which carries a peculiar risk" [Doc. 199 at 11-13]. In particular, the plaintiff argues that it was dangerous for STC to require the plaintiff to handle chemicals in an enclosed area under a tarp and to manually transport chemicals without having received the proper training to do so [*Id.* at 14-15]. CNX Gas Co. replies that the peculiar risk doctrine is not applicable in this case [Doc. 230 at 1-6].

### 2. Applicable Law

Landowners who employ independent contractors are generally exempt from liability for injuries to the employees of the independent contractor "absent an exercise of control over the means and methods of the contractor's work." **Farabaugh v. Pennsylvania Turnpike Com'n**, 911 A.2d 1264, 1273, 590 Pa. 46, 61-62 (2006).[5] One exception to this general rule is called the "peculiar risk doctrine;" pursuant to this doctrine, an employer or

---

[4]This Court notes that the place of the alleged wrong was Waynesburg, Pennsylvania.

[5]This Court notes that the plaintiff makes no argument that CNX Gas Co. Had any control over the means and methods of STC's work. However, this Court does address this issue of control in Section IV.C. of this Order.

6

landowner may be liable for the work done by an independent contractor if the work involves a special danger or peculiar risk. See ***Ortiz v. Ra-El Dev. Corp.***, 528 A.2d 1355, 1358, 365 Pa. Super. 48, 53 (1987).

The determination of whether a particular risk qualifies as a peculiar risk is a legal determination for a court to make; it is not a question of fact for a jury. ***Olin v. George E. Logue, Inc.***, 119 F.Supp.2d 464, 470 (M.D.Pa. 2000). The Superior Court of Pennsylvania has established a two-part test for determining whether a special danger or a peculiar risk exists:

> 1) the risk is foreseeable to the employer of the independent contractor at the time the contract is executed, *i.e.*, a reasonable person, in the position of the employer, would foresee the risk and recognize the need to take special measures; and
>
> 2) the risk is different from the usual and ordinary risk associated with the general type of work done, *i.e.*, the specific project or task chosen by the employer involved circumstances that are substantially out-of-the-ordinary."

***Ortiz***, 528 A.2d at 1358, 365 Pa. Super. at 53. If one prong of the test has not been met, a court does not have to consider the other prong. ***Olin***, 119 F.Supp.2d at 470. The second prong of this test has its own two-part analysis. ***Id.*** First, a court "must examine the risk that would be posed by the general type of work to be performed under typical circumstances." ***Ortiz***, 528 A.2d at 1358, 365 Pa. Super. at 53. Second, a court must "determine whether the circumstances under which the general work is done . . . introduces a different kind or level of risk." ***Id.***

7

### 3. Anlaysis

In his response in opposition to CNX Gas Co.'s Motion for Summary Judgment, the plaintiff states that individuals at a hydraulic fracturing well site typically handle chemicals and are in close proximity to construction equipment; as such, he concedes that "these attributes alone would not support a finding of vicarious liability" against CNX Gas Co. [Doc. 199 at 14]. The plaintiff argues that the peculiar risk in this case arose when, after pumps on the job site froze in cold weather, STC directed the plaintiff to obtain chemicals from an enclosed area under a tarp and to manually transport those chemicals to an individual who was standing on a ladder without having first received the proper training and supervision to do so [*Id.* at 14-15]. As such, the plaintiff appears to argue that the peculiar risk in this case was handling the chemicals in open buckets and being at risk for getting doused with the chemicals (as opposed to being merely minimally exposed to chemicals while they are being mixed by pumps and machinery).

However, this sudden change in transportation of chemicals and risk to be doused with chemicals from handing an open bucket to another individual is not a risk that CNX Gas Co. could have foreseen at the time that it entered into its contract for oilfield services with STC. *See* RESTATEMENT (SECOND) OF TORTS § 427, COMMENT D (1965) (The peculiar risk doctrine "applies only where the harm results from the negligence of the contractor in failing to take precautions against the danger involved in the work itself, which the employer should contemplate at the time of his contract. It has no application where the negligence of the contractor creates a new risk, not inherent in the work itself or in the ordinary or prescribed way of doing it, and not reasonably to be contemplated by the employer."). As such, the first prong of the peculiar risk test has not been met and the peculiar risk doctrine

is not applicable to this case. Because the peculiar risk doctrine is not applicable in this case, the portion of CNX Gas Co.'s Motion for Summary Judgment pertaining to the negligence claim (Count One) is hereby **GRANTED**.

### B. Count Three - Alter Ego of CNX

On January 15, 2013, the plaintiff informed this Court that he was withdrawing his alter ego claim under Count Three [Doc. 260 at 2]. On January 16, 2013, this Court entered a Stipulation and Order of Dismissal [Doc. 261] dismissing the alter ego count of the plaintiff's complaint. As such, CNX Gas Co.'s Motion for Summary Judgment on this count is now moot. Accordingly, the portion of CNX Gas Co.'s Motion for Summary Judgment pertaining to the alter ego claim (Count Three) is hereby **DENIED as moot**.

### C. Count Four - Principal and Agent

In Count Four of the complaint, which is titled "Principal and Agent," the plaintiff alleges that STC and SOS acted as agents of STC and CNX Gas Co. [Doc. 3-1 at 23]. In its Motion for Summary Judgment, CNX Gas Co. argues that "summary judgment is appropriate on all claims filed by Plaintiff against [it]" [Doc. 172 at 1]. With regard to the alleged principal-agent relationship between CNX Gas Co. and STC, CNX Gas Co. argues that STC was an independent contractor of CNX Gas Co., not an agent [Doc. 173 at 6]. CNX Gas Co. states that it neither controlled nor directed STC's work [*Id.* at 6-7]. In his response in opposition to CNX Gas Co.'s Motion for Summary Judgment, the plaintiff makes no argument regarding the agency relationship alleged in his Complaint; instead he argues that CNX Gas Co. should be "vicariously liable for Schlumberger's torts committed while this independent contractor was engaged in inherently dangerous activities" on the

9

behalf of CNX Gas Co. [Doc. 199 at 26].[6]

"'An agent in the restricted and proper sense is a representative of his principal in business or contractual relations with third persons; while a servant or employee is one engaged, not in creating contractual obligations, but in rendering service, chiefly with reference to things but sometimes with reference to persons when no contractual obligation is to result.'" **Teter v. Old Colony Co.**, 441 S.E.2d 728, 736, 190 W.Va. 711, 720 (1994) (quoting **State ex rel. Key v. Bond**, 118 S.E. 276, 94 W. Va. 255 (1923)). The party asserting vicarious liability pursuant to an agency relationship bears the burden of proof to establish a *prima facie* case of the agency relationship; after a *prima facie* case of an agency relationship has been established, the party opposing vicarious liability bears the burden of proof to establish a defense based upon an independent contractor relationship. **Sanders v. Georgia-Pacific Corp.**, 225 S.E.2d 218, 222, 159 W.Va. 621, 627 (1976). Determining whether an agency relationship exists is a fact-specific inquiry. **Arnold v. United Cos. Lending Corp.**, 511 S.E.2d 854, 864, 204 W.Va. 229, 239 (1998) (overruled

---

[6]To the extent that the plaintiff might argue that CNX Gas Co. did not specifically seek summary judgment on Count Four in its Motion for Summary Judgment, "[a] district court may grant summary judgment *sua sponte*, so long as the party against whom summary judgment is granted has notice and 'an adequate opportunity to demonstrate a genuine issue of material fact.'" **Liobmedia, LLC v. Dataflow/Alaska, Inc.**, 349 Fed.Appx. 843, 844 (4th Cir. 2009) (quoting **United States Dev. Corp. v. Peoples Fed. Sav. & Loan Ass'n**, 873 F.2d 731, 735 (4th Cir. 1989)). Here, the plaintiff had notice that CNX Gas Co. was arguing against an agency relationship between it and STC [Doc. 172 at 1; Doc. 173 at 6-7]. The plaintiff had the opportunity to argue that a genuine issue of material fact precludes summary judgment as to this claim in its response in opposition to CNX Gas Co.'s Motion for Summary Judgment; however, the plaintiff made no such argument [*See* Doc. 199]. In fact, the plaintiff refers in his response to STC as the independent contractor of CNX Gas Co. [*Id.* at 12, 13, and 21].

on other grounds). However, "one of the essential elements of an agency relationship is the existence of some degree of control by the principal over the conduct and activities of the agent." *Teter*, 441 S.E.2d at 736, 190 W.Va. 711 at 719.

With regard to claim that STC acted as an agent of CNX Gas Co., the plaintiff makes no factual allegation in his Complaint that CNX Gas Co. had any control over the manner in which STC completed its drilling services to CNX Gas Co.. In addition, the plaintiff provided no argument on this issue in his response in opposition to CNX Gas Co.'s Motion for Summary Judgment [*See* Doc. 199; Doc. 202]. The record in this case demonstrates that CNX Gas Co. hired STC to provide drilling services on a Waynesburg, Pennsylvania, well site owned by CNX Gas Co. [Doc. 174-2 at 75; Doc. 203-5 at 53]. CNX Gas Co. provided general hazard training to all STC employees, including temporary employees provided by staffing services such as SOS, before those individuals were permitted to work on the well site owned by CNX Gas Co. [Doc. 174-2 at 16]. STC provided its own supplemental and more detailed safety training specific to the job that those individuals would be completing for STC; CNX Gas Co. had no control over the training that STC provided to its workers [*Id.*]. STC and CNX Gas Co. agreed that STC retained the right to control and direct its own services and that CNX Gas Co. merely had the right to observe the work being performed by STC and to communicate with a designated STC supervisor [*Id.* at 75]. Matt Imrich worked as a drilling engineer with Consol/CNX Gas Co. on the Waynesburg drilling site [Doc. 203-5 at 57-58]. Although he testified that he generally supervised the operations at the drilling site, he also testified that Consol/CNX Gas Co. "[did] not direct any [STC employees] on how to their job [*Id.*; Doc. 174-2 at 95]. Such

general oversight of the well site does not amount to control over the work that STC was completing. This is further supported by deposition testimony by another Consol/CNX Gas Co. employee, Kevin Ice, who testified that Consol/CNX Gas Co. merely advised and guided STC management and did not get involved in supervising or directing STC employees [Doc. 174-2 at 90]. As such, there is no evidence in the record that CNX Gas Co. had any control over the conduct and activities of STC. Accordingly, the plaintiff has failed to establish a *prima facie* case of an agency relationship between STC and CNX Gas Co.

With regard to the claim that SOS acted as an agent of CNX Gas Co., the plaintiff makes no factual allegation in his Complaint that CNX Gas Co. had any control over the manner in which SOS completed its staffing services [*See* Doc.3-1]. Moreover, the plaintiff provides no statement regarding such an agency relationship in his response in opposition to CNX Gas Co.'s Motion for Summary Judgment on this issue [*See* Doc. 199]. In fact, there is nothing in the record that demonstrates any interaction between CNX Gas Co. and SOS, let alone any control over SOS's staffing duties by CNX Gas Co.. Accordingly, the plaintiff has failed to establish a *prima facie* case of an agency relationship between CNX Gas Co. and SOS wherein SOS was the agent of CNX Gas Co.

Because the plaintiff has failed to establish a *prima facie* case of an agency relationship between CNX Gas Co. and either STC or SOS, the portion of CNX Gas Co.'s Motion for Summary Judgment pertaining to the agency relationship claim (Count Four) is hereby **GRANTED**.

### D. Count Five - Strict Liability/Ultrahazardous Activity

On December 11, 2012, the plaintiff withdrew his claim for strict liability/ultrahazardous activity (Count Five) [Doc. 200 at 30; Doc. 260 at 2]. As such, CNX Gas Co.'s Motion for Summary Judgment on this count is now moot. Accordingly, the portion of CNX Gas Co.'s Motion for Summary Judgment pertaining to the strict liablity/ultrahazardous activity claim (Count Five) is hereby **DENIED as moot**.

### E. Count Six - Preparation and Use of Proprietary Chemical Fracking Fluids

On December 11, 2012, the plaintiff withdrew his claim for preparation and use of proprietary chemical fracking fluids (Count Six) [Doc. 200 at 30; Doc. 260 at 2]. As such, CNX Gas Co.'s Motion for Summary Judgment on this count is now moot. Accordingly, the portion of CNX Gas Co.'s Motion for Summary Judgment pertaining to the preparation and use of proprietary chemical fracking fluids claim (Count Six) is hereby **DENIED as moot**.

### F. Count Seven - Wrongful Interference with Employment

In Count Seven of his Complaint, the plaintiff alleges the he was wrongfully discharged by SOS upon the inducement of "one or more of the co-defendants" in retaliation for the plaintiff's pursuit of a Workers' Compensation claim [Doc. 3-1 at 28-29]. On December 11, 2012, the plaintiff stated that he is not asserting a wrongful interference with employment claim against CNX Gas Co. [Doc. 199 at 21; Doc. 261 at 1].[7] As such, CNX Gas Co.'s Motion for Summary Judgment on this count is now moot. Accordingly, the

---

[7]The plaintiff also stated that he is not asserting a wrongful interference with employment claim against Consol and CNX Gas Corp.; however, as previously noted, these defendants have already been dismissed from this proceeding [*See* Doc. 261].

portion of CNX Gas Co.'s Motion for Summary Judgment pertaining to the wrongful interference with employment claim (Count Seven) is hereby **DENIED as moot**.

### G.  Count Eight - Punitive Damages

In Count Eight of the Complaint, the plaintiff alleges that "[t]he conduct of all Defendants . . . was willful, wanton, malicious and in reckless disregard of the safety and well being of [him] and others and, therefore, justifies the award of punitive damages" [Doc. 3-1 at 30].  This Court has granted summary judgment on the plaintiff's negligence claim against CNX Gas Co. under Count One and the plaintiff's agency claim against CNX Gas Co. under Count Four in which the plaintiff alleged an agency relationship between CNX Gas Co. and STC as well as CNX Gas Co. and SOS.  In addition, the plaintiff has withdrawn Counts Three, Five, Six, and Seven as they pertain to CNX Gas Co.  As such, there are no remaining claims under which the plaintiff may pursue punitive damages against CNX Gas Co.  As such, the plaintiff may not be awarded any punitive damages with respect to CNX Gas Co. as a matter of law.  Accordingly, the portion of CNX Gas Co.'s Motion for Summary Judgment on this claim (Count Eight) is hereby **GRANTED**.

### H.  Release and Waiver of Liability

The parties raise arguments regarding the validity of the Release and Waiver of Liability under which CNX Gas Co. argues that the plaintiff contractually waived any claims against it [Doc. 173 at 13-14; Doc. 199 at 23-25; Doc. 230 at 11-13].  However, there are no remaining claims against CNX Gas Co. based upon other grounds; therefore, this Court will not address the parties' arguments regarding the Release and Waiver of Liability.

## V. Conclusion

For the foregoing reasons, this Court hereby **GRANTS** CNX Gas Company, LLC's, Motion for Summary Judgment **[Doc. 172]** as to **Count One**, **Count Four**, and **Count Eight**; and **DENIES as moot** CNX Gas Company, LLC's, Motion for Summary Judgment **[Doc. 172]** as to **Count Three, Count Five, Count Six, and Count Seven**. Because there are no remaining claims against CNX Gas Company, LLC, this Court hereby dismisses CNX Gas Company, LLC, as a defendant in this proceeding.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: February 1, 2013.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE